FISHER v. TRAVELERS INDEMNITY COMPANY.

INSURANCE—AUTOMOBILE—COVERAGE.

> Provision of automobile insurance policy that the deductible amount shall not apply to loss to a nonowned automobile caused by collision with any other automobile, not owned by named insured or resident of the same household, which is insured for property damage liability by the company *held*, not to apply to collision in which automobile not insured by defendant collided with automobile owned by plaintiff and insured under one policy by defendant but driven by another person, insured under another policy (the policy in suit) by defendant.

Appeal from Common Pleas Court of Detroit, O'Hair (John D.), J. Submitted Division 1 February 6, 1968, at Detroit. (Docket No. 3,416.) Decided September 4, 1968. Rehearing denied October 10, 1968.

Complaint by William L. Fisher, assignee of insured, against the Travelers Indemnity Company, a Connecticut corporation, to recover for damages to his automobile under a liability policy issued by defendant. Judgment for stipulated damages less a $100 deductible amount. Plaintiff appeals. Affirmed.

*William L. Fisher*, in propria persona.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr*, for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 98, 107, 192.

Lesinski, C. J.   Plaintiff, as assignee of the insured, brought this action to recover the full amount of damages to his automobile under a liability policy issued by the defendant.   The lower court rendered judgment for the stipulated damages less $100 deductible stated in the declarations of the policy. Plaintiff appeals.

This appeal comes to us on an agreed statement of facts transmitted as the record of testimony in the case.   GCR 1963, 812.10.   The automobile owned by the plaintiff collided with an automobile owned by a third party while plaintiff's automobile was operated by June MacDonald.   The plaintiff's automobile was insured by defendant at the time of the accident.   June MacDonald also had insurance with defendant that provided collision coverage for a "nonowned" automobile.   The third party was not insured by the defendant.   Plaintiff seeks recovery in full under "Coverage G" of the MacDonald policy, which reads as follows:

"[Defendant agrees] to pay for loss caused by collision to the owned automobile or to a nonowned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto.   The deductible amount shall not apply to loss caused by collision (a) with a bird or wild animal if insurance is afforded under Coverage F for the automobile or (b) with any other automobile, not owned by the named insured or a resident of the same household, which is insured for property damage liability by the company."[*]

The issue on appeal is whether the plaintiff's claim is subject to the $100 deductible under the quoted policy provision.

---

[*] The agreed statement of facts did not contain the text of the policy provision in dispute.   We have quoted the policy language as set forth in the written opinion of the trial court.

The plaintiff contends that the deductible is not applicable to his claim because he and the driver were both insured by the defendant, therefore, his claim falls under the second sentence of the disputed provision. It is also contended that the phrase "any other automobile" is ambiguous since it "logically could mean any automobile other than the owned automobile on the one hand or it could mean something else."

The trial court interpreted "Coverage G" in a written opinion and we quote in part:

"The language in Coverage G clearly and without ambiguity sets forth the coverage extended by the company under the instant factual circumstances. Specifically, when a named insured, while operating a nonowned vehicle, collides with another vehicle that is not covered by the company, the deductible limitation expressed in the policy's declaration is applicable to the recovery for damages to the nonowned automobile operated by the named insured.
\* \* \*

"The language of Coverage G is manifestly clear and unambiguous and does not require any interpretation whatsoever to determine what the parties intended thereby."

The plaintiff may not properly complain because the court considered the provision in its entirety rather than just the phrase "any other automobile."

Similarly, we find no ambiguity in "Coverage G" when read as a whole. The language clearly means that the $100 deductible applies unless the automobile owned by the insured or a nonowned automobile is involved in a collision with another automobile insured by the defendant. Plaintiff's automobile was an owned automobile, which at the time of the accident was also insured under the assignor's policy as a nonowned automobile. However, the other

OPINION OF THE COURT.

car and driver involved in the collision were not insured for property damage liability by the defendant.

Affirmed. Costs to appellee.

McGREGOR and LEVIN, JJ., concurred.